IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

March 18, 2011

RE:     MIGUEL GONZALEZ V. COMMONWEALTH OF PA, ETAL

CA No. 10-7176

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Wells, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By _____
LINDA V. JERRY, Deputy Clerk

cc:     GONZALEZ
DA OF MONROE
ATTY GEN OF PA
WENEROWICZ
Courtroom Deputy to Judge Mclaughlin

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL GONZALEZ,
      Petitioner

v.

COMMONWEALTH OF PENNSYLVANIA, et al.,
      Respondent

: CIVIL ACTION
:
:
:
:
:
:
: NO. 10-7176

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania; and

3. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL GONZALEZ, : CIVIL ACTION
    Petitioner :
:
v. :
:
:
COMMONWEALTH OF PENNSYLVANIA, *et al.*, :
    Respondent : NO. 10-7176

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                      March 17, 2011
UNITED STATES MAGISTRATE JUDGE

      Presently before this court is a *pro se* Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Miguel Gonzalez ("Petitioner"), currently incarcerated at the State Correctional Institute at Graterford, Pennsylvania, seeks habeas relief based on claims that his conviction is invalid, ineffective assistance of counsel and prosecutorial misconduct. The Honorable Mary A. McLaughlin referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the habeas petition be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.

      On October 7, 2008, Petitioner was convicted on murder and related offenses in the Court of Common Pleas for Monroe County. Petition at 1; Amended Petition at 4.[1] He is serving a life sentence. Petition at 1. Monroe County is located within the territorial jurisdiction of the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

      28 U.S.C. § 2242(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the

---

1.    The Petition and Amended Petition have been docketed together as Document No. 3.

application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Inasmuch as the trial transcript, state court records, Respondent District Attorney for Monroe County, and potential witnesses (except for Petitioner) are in Monroe County, the interests of justice would be best served if this court, in the exercise of its discretion, transferred this petition to the United States District Court for the Middle District of Pennsylvania.

Reasonable Jurists would not debate the propriety of transferring this case to the Middle District; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## RECOMMENDATION

**AND NOW**, this 17th day of March, 2011, it is **RECOMMENDED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §2241(d). Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

It be so **ORDERED**.

_____
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE