UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL GONZALEZ, :
:
    Petitioner : No. 4:CV-11-0955
:
vs. : (Judge Nealon)
:
COMMONWEALTH OF :
PENNSYLVANIA, et al., :
:
    Respondents :

FILED
SCRANTON
MAY 1 6 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

    Petitioner, Miguel Gonzalez, an inmate confined in the State Correctional Institution, Graterford, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a conviction imposed by the Court of Common Pleas for Monroe County. For the reasons that follow, the petition will be denied for Petitioner's failure to exhaust state court remedies.

## Background

    The following background has been extracted from the Pennsylvania Superior Court's December 30, 2009, Memorandum Opinion, affirming Petitioner's conviction of first and third degree murder, intercepted communications, reckless endangerment, and a weapons offense, and his life sentence, followed by incarceration of not less than four (4) nor more than eight

(8) years. (Doc. 26-3 at 1-6, Memorandum Opinion dated December 30, 2009).

> On November 18, 2006, police responded to the report that a woman's body was lying just inside the front door of a house where a four year old child was screaming for help. A neighbor saw the victim, Appellant's girlfriend, sent the child home with another neighbor, and called police who found an eight year old child still in the house. A digital voice recorder and the murder weapon, still partially loaded, were lying next to the body of the victim. Appellant, lying the sofa with a head wound, was arrested and removed in an ambulance.
>
> At trial, both Appellant's diminished capacity defense and his inconsistent denial of criminal liability were rejected by the jury. He was subsequently sentenced to life imprisonment without possibility of parole and a consecutive aggregate term of four to eight years on the remaining counts. On appeal, he has presented issues alleging the violation of his state and federal constitutional right to present a defense because the testimony of his expert forensic psychiatrist was precluded, and because he was not permitted to rebut claimed instances of threats he had made toward the victim. He also argues that the trial court erred in refusing to charge on lesser degrees of homicide as required by the evidence.[1]

Id. By Memorandum Opinion dated December 30, 2009, the Pennsylvania

---

[1] Appellant's Statement of Questions Involved also contains a challenge to the sufficiency of the evidence supporting his conviction for reckless endangerment relating to his children. As this claim is not examined in the body of his brief except in the Summary of Argument, it may be considered abandoned and need not be addressed.

Moreover, if addressed, the claim would be found to be meritless. Appellant's argument summary denies culpability by contending that "the children were not placed in a zone of danger by [his] conscious act." (Appellant's Brief at 10). His disclaimer is at best disingenuous: the children were present in the house when he brought the weapon home after purchasing it, when he fired it three times at their mother, and when, after the murder, he left the gun with a live bullet in the chamber next to the body where the four year old was later found.

2

Superior Court affirmed Petitioner's conviction and sentence. Id.

On January 29, 2010, Petitioner filed a counseled petition for allowance of appeal to the Pennsylvania Supreme Court. See (Doc. 26-6 at letter from Pennsylvania Supreme Court to Prothonotary).

On July 14, 2010, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Id. No further challenge to Petitioner's conviction and sentence has been filed.

On December 9, 2010, Petitioner filed the instant "emergency petition for writ of habeas corpus nunc-pro-tunc" in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, petition). Petitioner raises issues of ineffective assistance of counsel, and prosecutorial misconduct. Id. By Order dated May 13, 2011, the above captioned action was transferred to the United States District Court for the Middle District of Pennsylvania, where it was received on May 18, 2011. (Doc. 9).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Gonzalez that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or

withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 11). After several enlargements of time within which to respond to the Court's formal notice, Petitioner failed to return the notice of election form. Thus, a Show Cause Order was issued on December 16, 2011, directing that the petition be responded to as filed. (Doc. 18). A response to the petition was filed on January 11, 2011. (Docs. 24-16). Petitioner filed a traverse on December 4, 2012. (Doc. 37). Thus, the petition for writ of habeas corpus is ripe for disposition.

## Discussion

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[2] Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

---

[2] Exhaustion is excused if "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, "exhaustion is not required if there is inordinate delay in state procedures, id. at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." Id. at 163, citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987).

presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at 845.³

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also Baldwin v. Reese, 541 U.S. 27 (2004) (holding that "to provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

A review of the instant petition reveals that Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct have never been presented to

---

³On May 9, 2000, the Pennsylvania Supreme Court issued judicial administrative Order No. 218, which deems claims exhausted after having been presented only to the Pennsylvania Superior Court.

any state court for review. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" 28 U.S.C. §2254(b); see also Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. Lines, 208 F.3d at 163.

In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.), cert. denied, 122 S.Ct. 396 (2001); Lines, 208 F.3d at 164-66.

To show "cause", a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.) cert. denied, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or

6

fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408.

In view of the passage of time since Gonzalez's conviction became final, it does not appear as though he could pursue any state court remedies at this time. See Lines, 208 F.3d at 163. That is, any relief that may have been available to Gonzalez under the PCRA act is now foreclosed by its 1-year statute of limitations and Petitioner's claims do not satisfy any of the three §9545 exceptions. See 42 Pa.C.S. § 9545.[4] Petitioner, however, has not alleged cause or prejudice. Nor has

---

[4]Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

> ...within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not

he demonstrated his actual innocence such that a lack of review will constitute a fundamental miscarriage of justice.

Petitioner concedes in his traverse that the issues raised herein "should have been filed with the Court of Common Pleas of Monroe County, pursuant to the Pennsylvania Post Conviction Relief Act." (Doc. 37, p. 8). However, he "asserts that circumstances existed that rendered the state PCRA remedy process ineffective" to protect his rights in court. Id. Specifically, Petitioner "asserts that to pursue the Commonwealth's PCRA remedy would have required the appointment of PCRA counsel, from the same office where Niemoczynski is Chief Public Defender. For that reason, [Petitioner] avers that there would have been an actual conflict of interest, as a result that [Petitioner] asserts claims of ineffective

---

>>have been ascertained by the exercise of due diligence; or
>
>(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.
>
>(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

assistance of counsel against Niemoczynski." Id. The Court, however, does not find Petitioner's argument persuasive, as exercising one's choice of not pursuing available state court remedies does not present an objective factor that prevented compliance with the state's procedural requirements. Petitioner had the option of pursuing his state court remedies pro se. Accordingly, his challenge to the validity of his conviction must be rejected on the ground that Gonzalez failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition for writ of habeas corpus will be denied.

An appropriate order will follow.

Dated: May 16, 2014

_____
**United States District Judge**